# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| PAUL WESOLOWSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>  v.<br><br>VERTICAL FITNESS GROUP, LLC, d/b/a XPERIENCE FITNESS, d/b/a CLUB 7776, and JOHN DOES 1-5,<br><br>    Defendants. | Case No.: 19-cv-120<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

COMES NOW Plaintiff Paul Wesolowski, by his Attorneys, Ademi & O'Reilly, LLP, and for his class action complaint, states as follows:

## INTRODUCTION

1. Plaintiff brings this action individually and on behalf of a proposed class (the "Class"), as more fully defined below, of similarly situated consumers throughout the State of Wisconsin to redress the pervasive pattern of fraudulent, deceptive and otherwise improper billing practices that Defendant Vertical Fitness Group, LLC, d/b/a Xperience Fitness ("Xperience") continues to engage in relating to agreements for personal trainer services ("Training Agreements"), and relating to overcharging consumers for gym memberships.

2. Plaintiff brings this action on behalf of himself and other similarly situated consumers throughout Wisconsin to halt the false billing practices, and obtain redress for those who have been overcharged by Xperience.

3. Plaintiff alleges violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and 12 C.F.R. 205 *et seq.,* commonly known as Regulation E, which contains regulations

promulgated by the Board of Governors of the Federal Reserve System to implement the Act (the Act and Regulation E shall hereinafter be collectively referred to as the "EFTA"), and Wis. Stat. §§ 100.177, 100.18, as well as unjust enrichment under the laws of the State of Wisconsin.

## JURISDICTION AND VENUE

4. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1693m and 28 U.S.C. §§ 1331, 1337. Venue in this District is proper in that Plaintiff sought services from Xperience at its location in Oak Creek, Milwaukee County, and because the claim arose in Milwaukee County and Defendant does substantial business in Milwaukee County.

## PARTIES

5. Plaintiff Paul Wesolowski is, and at all times relevant to this action has been, a resident and citizen of Milwaukee County, Wisconsin.

6. Defendant Vertical Fitness Group, LLC is a Wisconsin limited liability company, and has its principal place of business located at 3701 East Evergreen Drive, Suite 300, Appleton, Wisconsin 54913-7402. Defendant, therefore, is a citizen of Wisconsin.

7. Defendant owns and operates 17 various gym locations throughout Wisconsin and Minnesota under the fictitious (in the legal sense) or trade name "Xperience Fitness."

8. Upon information and belief, Defendant has the right of complete or substantial control over all Xperience locations in that it could implement and direct the policies and procedures of those gyms.

9. In order to use Xperience's facilities, consumers enter into a "Membership Agreement."

2

10. At all Xperience gym locations, Xperience offers the services of personal trainers. *See* https://myxperiencefitness.com/personal-trainers/. Xperience's website states: "Members have the 'no-pressure' flexibility to engage with our trainers as often as they need or sign up for our designed programs…"

11. Upon information and belief, Xperience operates a division or other entity named "Club 7776." Club 7776 is not registered as a separate business entity with the Department of Financial Institutions, but if it is a separate entity from Xperience, Plaintiff names that unknown entity as Defendant John Doe No. 1.

12. When an Xperience member requests personal trainer services, he or she signs a "Training Agreement" with Club 7776. The Training Agreement is separate from the Membership Agreement with Xperience.

13. Subsequently, Defendant, through third party billing service ABC Financial initiates either direct withdrawals from the member's bank account or charges the member's credit card.

14. Xperience's standard form Training Agreement does not comply with the statutory requirements for fitness center contracts set forth in Wis. Stat. § 100.177.

15. Moreover, Xperience does not provide the consumer a copy of the Training Agreement at the time he or she signs it.

16. Plaintiff suffered an injury in fact and lost money as a result of the deceptive and unfair conduct described herein.

## SUBSTANTIVE ALLEGATIONS

17. On or around August 24, 2018, Plaintiff visited the Defendant's gym located at 6251 S 27th Street, Greenfield, Wisconsin 53221.

18. Plaintiff had no relationship with Defendant prior to August 24, 2018.

19. At the gym, Plaintiff spoke with an Xperience representative about obtaining a membership. An Xperience employee quoted the price of a "Fit Membership," which included the features Plaintiff wanted, as $21.99 per month.

20. At that time, Plaintiff entered into a Membership Agreement on a month-to-month basis at $21.99 per month.

21. A copy of the Membership Agreement is attached as <u>Exhibit A</u>.

22. On or around August 29, 2018, also at the Greenfield gym, Plaintiff entered into a Training Agreement with "Club 7776."

23. A copy of the Training Agreement is attached as <u>Exhibit B</u>.

24. The Training Agreement states that Plaintiff contracted for the "NEW Pro 144Session 3xBiweekly" program.

25. Plaintiff paid $343.22 by Visa credit card on August 29, 2018, per <u>Exhibit B</u>.

26. The Training Agreement also states that, in addition to the $343.22 paid on August 29, 2018, Plaintiff was obligated to make 23 payments of $342.95.

27. Plaintiff did not receive a copy of the Training Agreement when he signed it on August 29, 2918.

28. In September 2018, Plaintiff realized that he did not have sufficient time to dedicate to the training program.

29. Plaintiff had to return to the Greenfield gym and request a copy of the Training Agreement on September 14, 2018.

30. Upon returning to the Greenfield gym, Plaintiff requested of an Xperience employee that Xperience and/or Club 7776 terminate the Training Contract but not his

Membership Contract. At the time, Plaintiff was under the impression that Xperience had done as Plaintiff requested.

31. Plaintiff occasionally attends the Greenfield gym, but has not had any further personal training sessions. Xperience employees, however, began hounding Plaintiff about resuming the training program in December 2018, despite Plaintiff's requests to cancel the Training Agreement.

32. On January 18, 2019, Plaintiff discovered that Xperience has charged Plaintiff's debit card a total of $2,605.22 between October 25, 2018 and January 17, 2019, consisting of multiple, recurring charges of $342.95 and $68.19. A copy of a printout from Plaintiff's "Checking/Savings Account History" for his checking account at Wells Fargo Bank is attached as <u>Exhibit C</u>.

33. Plaintiff did not authorize Xperience or Club 7776 to charge Plaintiff's Wells Fargo debit card for the training sessions. Plaintiff canceled the Training Agreement, of which he had not previously been provided a copy, on September 14, 2018.

34. All of the $342.95 charges are unauthorized and void.

35. It is unclear whether the $68.19 charges are for Plaintiff's gym membership or for the Training Agreement or something else.

36. If the $68.19 charges are for Plaintiff's gym membership, Xperience is significantly overcharging Plaintiff. The Membership Agreement states that Plaintiff's membership costs $21.99 per month, and that amount may only be increased annually. <u>Exhibit A</u>.

37. Moreover, Xperience's website also states that the membership level for which Plaintiff signed up – called a "Fit Membership" is $21.99 per month:

| | PLATINUM MEMBERSHIP $29.99/mo | FIT MEMBERSHIP $21.99/mo | CORE MEMBERSHIP $9.99/mo* |
|---|---|---|---|
| Fitness Floor Access | ✓ | ✓ | ✓ |
| Locker Rooms | ✓ | ✓ | ✓ |
| 7 Days Per Week | ✓ | ✓ | ✓ |
| FIT Group Exercise Classes | ✓ | ✓ | ✗ |
| Online Meal Planning Tool | ✓ | ✓ | ✗ |
| Unlimited Tanning | ✓ | ✓ | ✗ |
| 20% off Proshop Coupon | ✓ | ✓ | ✗ |
| 15% off all Supplements | ✓ | ✓ | ✗ |
| Access to All Xperience Fitness Locations | ✓ | ✓ | ✗ |
| All Club Hours | ✓ | ✓ | ✗ |
| Platinum Guests | ✓ | ✗ | ✗ |
| Platinum Specialty Classes | ✓ | ✗ | ✗ |
| Platinum Spin Classes | ✓ | ✗ | ✗ |
| Les Mills Classes | ✓ | ✗ | ✗ |
| | JOIN NOW | JOIN NOW | JOIN NOW |

https://myxperiencefitness.com/join-gym-membership/.

## VIOLATIONS OF LAW

### *The EFTA and Regulation E*

38. The EFTA's purpose is to "provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights." 15 U.S.C. § 1693(b).

39. "Electronic funds transfer" is defined in Regulation E to mean "any transfer of funds that is initiated through an electronic terminal, telephone, computer, or magnetic tape for

6

Case 2:19-cv-00120-LA   Filed 01/22/19   Page 6 of 17   Document 1

the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account." 12 C.F.R. § 205.3(b).

40. 15 U.S.C. 1693e(a) states:

> A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and **a copy of such authorization shall be provided to the consumer when made**. A consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer. The financial institution may require written confirmation to be provided to it within fourteen days of an oral notification if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent.

(emphasis added)

41. Similarly, the implementing regulation, 12 C.F.R. § 205(10)(b), states:

> (b)*Written authorization for preauthorized transfers from consumer's account.* Preauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer.

42. The purported authorization for preauthorized transfers from Plaintiff's checking account (through his debit card) is on the bottom of the Training Agreement. Exhibit B. But Xperience did not provide a copy of the Training Agreement to Plaintiff when the authorization was made.

43. The EFTA includes a private right of action, stating:

> (a) Individual or class action for damages; amount of award. Except as otherwise provided by this section and section 1693h of this title, any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer in an amount equal to the sum of—
>
>> (1) any actual damage sustained by such consumer as a result of such failure;

(2)

    (A) in the case of an individual action, an amount not less than $100 nor greater than $1,000; or

    (B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the defendant; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

### *State Law*

44. Xperience's conduct also violated Wisconsin state law regulating fitness center contracts and misrepresentations in advertising.

45. Wis. Stat. § 100.177 regulates "Fitness Center and Weight Reduction Center Contracts."

46. Defendant's primary, if not sole, business is operating gym facilities. http://myxperiencefitness.com/. As such, Defendant is a "fitness center." Wis. Stat. § 100.177(1)(c) ("'Fitness center' means an establishment that, for profit, provides as its primary purpose services or facilities that are purported to assist patrons in physical exercise, in weight control, or in figure development, including but not limited to a fitness center, studio, salon or club. 'Fitness center' does not include an organization solely offering training or facilities in an individual sport or a weight reduction center."

47. To the extent that Club 7776 is a legal entity separate from Xperience, Club 7776 is also a "fitness center," in that its primary purpose is to provide personal training services that

are purported to assist patrons in physical exercise, in weight control, or in figure development, *Id.*

48. The Membership Agreement is a "Contract for center services." Wis. Stat. § 100.177(1)(b)1.

49. The Training Agreement is also a "Contract for center services." Wis. Stat. § 100.177(1)(b)2.

50. Wis. Stat. § 100.177(2) requires that contracts for fitness center services must be in writing and provided to the customer at the time he signs it.

51. Xperience and/or Club 7776 did not provide Plaintiff with a copy of the Training Agreement at the time he signed it.

52. Wis. Stat. § 100.177(6) states:

Every contract for fitness center service shall contain:

  (a) A caption printed in boldface uppercase type of not less than 10-point size entitled "CANCELLATION AND REFUNDS".

  (b) A provision under the caption stating: "*Right to Cancel.* You are permitted to cancel this contract until midnight of the 3rd operating day after the date on which you signed the contract. If the facilities or services that are described in the contract are not available at the time you sign the contract, you have until midnight of the 3rd operating day after the day on which you received notice of their availability, to cancel the contract. If within this time period you decide you want to cancel this contract, you may do so by notifying .... (the seller) by any writing mailed or delivered to .... (the seller) at the address shown on the contract, within the previously described time period. If you do so cancel, any payments made by you, less a user fee of no more than $3 per day of actual use, will be refunded within 21 days after notice of cancellation is delivered, and any evidence of any indebtedness executed by you will be canceled by .... (the seller) and arrangements will be made to relieve you of any further obligation to pay the same."

53. The Training Agreement does not include the caption that Wis. Stat. § 100.177(6)(a) specifically requires. The purpose of the caption is to direct the consumer's attention to the cancellation provision.

54. Instead, the Training Agreement buries the cancellation provision in a block of tiny print – smaller than 10-point font – on the right side of the Training Agreement. <u>Exhibit B</u>.

55. The language of the cancellation provision also does not match the language the statute requires. Wis. Stat. § 100.177(6)(b).

56. Wis. Stat. § 100.177(14)(b) states:

> (14) Any contract for center services is unenforceable against the buyer and is a violation of this section if:
> …
> (b) The contract does not comply with the requirements of this section.

57. Wis. Stat. § 100.20(5) provides a private right of action for a fitness center's violation of Wis. Stat. § 100.177. Wis. Stat. § 100.177(15)(b) ("In addition to the remedies otherwise provided by law, any person injured by a violation of this section may bring a civil action for damages under s. 100.20(5)").

58. The Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18 ("WDTPA") makes it unlawful to make any "advertisement, announcement, statement or representation [that] contains any assertion, representation or statement of fact which is untrue, deceptive or misleading." Wis. Stat. § 100.18(1).

59. Xperience's representative represented to Plaintiff, before Plaintiff entered into the Membership Agreement or any other agreement, that Plaintiff would be charged $21.99 per month for the "Fit" membership.

60. Xperience's representations were false. Upon information and belief, Plaintiff has been charged $68.19 per month for his gym membership since October 30, 2018. <u>Exhibit C</u>.

10

Case 2:19-cv-00120-LA   Filed 01/22/19   Page 10 of 17   Document 1

61. The WDTPA provides a private right of action for "[a]ny person suffering pecuniary loss" because of a violation of the WDTPA. Wis. Stat. § 100.18(11)(b)2.

62. Plaintiff suffered pecuniary loss as a result of Xperience's and/or Club 7776's actions.

63. Even though the Training Agreement is unenforceable against Plaintiff pursuant to Wis. Stat. § 100.177(14)(b), Xperience has not returned Plaintiff's initial $343.22 payment and has debited, at least, an additional $2,400.65 (seven payments of $342.95) from Plaintiff's checking account without authorization. Exhibit C.

64. To the extent that Xperience charged Plaintiff $68.19 per month for his Fit Membership instead of the $21.99 per month in the agreement (Exhibit A), Xperience has overcharged Plaintiff at least $138.60. Exhibit C.

65. Plaintiff and the class are entitled to double damages, pursuant to Wis. Stat. § 100.20(5) ("Any person suffering pecuniary loss because of a violation by any other person of any order issued under this section may sue for damages therefor in any court of competent jurisdiction and shall recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney's fee."

## CLASS ACTION ALLEGATIONS

66. Plaintiff brings his claims on behalf of two classes and a subclass.

67. Class I consists of (a) all natural persons in the State of Wisconsin (b) who entered into a "Fit Membership" agreement with Xperience, (c) while Xperience represented to the person that the monthly price of membership is $21.99 per person, (d) and were charged more than $21.99 in any one month (e) between January 22, 2016 and January 22, 2019,

inclusive. Excluded from Class I are individuals for whom the charge greater than $21.99 was due solely to sales tax or an initiation fee.

68. Class II consists of (a) all natural persons in the State of Wisconsin (b) who entered into a Training Agreement with Xperience and/or Club 7776, (c) and who signed a Training Agreement in the form of <u>Exhibit B</u> to the complaint in this action, (d) between January 22, 2013 and January 22, 2019, inclusive.

69. Plaintiff also brings his claims on behalf of a subclass of Class II, consisting of (a) all natural persons in the State of Wisconsin (b) who entered into a Training Agreement with Xperience and/or Club 7776, (c) and who signed a Training Agreement in the form of <u>Exhibit B</u> to the complaint in this action (d) which included a pre-authorized transfer from the person's credit card, debit card, or bank account, and (d) to whom Xperience did not provide a written copy of the Training Agreement to the person at the time the person signed the Training Agreement (d) between January 21, 2018 and January 22, 2019 (the "EFTA subclass").

70. Upon information and belief, each class and the subclass are each so numerous that joinder of all members of the Class is impracticable. While the exact number of class members is presently unknown and can only be ascertained through discovery, Plaintiff believes that there are more than 40 class members based upon the fact that Defendant has 10 gym locations in Wisconsin.

71. Plaintiff's claims are based upon the language of a standard form contract and are typical of the claims of the proposed Classes.

72. Plaintiff will fairly and adequately represent and protect the interests of the proposed Classes. Plaintiff does not have any interests antagonistic to those of the proposed

12

Class. Plaintiff has retained competent counsel experienced in the prosecution of this type of litigation.

73. The questions of law and fact common to the proposed Class members, some of which are set out above, predominate over any questions affecting only individual Class members.

74. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

75. Common questions predominate over any individual questions. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

    a. The individual class members may not be aware of their legal rights.
    b. Concentration of the litigation concerning this matter in this Court is desirable.
    c. The claims of the representative plaintiff are typical of the claims of the class.
    d. A failure of justice will result from the absence of a class action.

## COUNT I
### Violation of the EFTA, 15 U.S.C. § 1693(e)

76. Plaintiff incorporates the above numbered paragraphs by reference.

77. Plaintiff brings Count II individually, and on behalf of all similarly situated residents for violations of 15 U.S.C. 1693e(a) and 12 C.F.R. § 205(10)(b).

78. Xperience failed to provide Plaintiff with a copy of the preauthorized electronic transfer authorization at the time Plaintiff entered into the Training Agreement.

79. Defendants violated 15 U.S.C. 1693e(a) and 12 C.F.R. § 205(10)(b).

## COUNT II
## Violation of Wis. Stat. §§ 100.177 and 100.20(5)

80. Plaintiff incorporates the above numbered paragraphs by reference.

81. Plaintiff brings Count II individually, and on behalf of all similarly situated residents for violations of the Wis. Stat. § 100.177.

82. Xperience and/or Club 7776 did not provide Plaintiff with a copy of the Training Agreement at the time he signed it, in violation of Wis. Stat. § 100.177(2).

83. The section of the Training Agreement describing cancelations and refunds does not comply with Wis. Stat. § 100.177(6)(b). Exhibit B.

84. The Training Agreement is void and unenforceable against Plaintiff pursuant to Wis. Stat. § 100.177(14)(b).

85. Plaintiff suffered pecuniary loss as a result of Xperience's and/or Club 7776's actions.

## COUNT III
## Violation of Wis. Stat. § 100.18

86. Plaintiff incorporates the above numbered paragraphs by reference.

87. Plaintiff brings Count III individually, and on behalf of all similarly situated residents for violations of the Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18, *et seq*.

88. Defendant's foregoing misrepresentations and omissions regarding the price of a gym membership are deceptive and/or unfair acts or practices prohibited by the Wisconsin Deceptive Trade Practices Act.

89. Defendant intended to be deceptive and/or unfair to Plaintiff and the proposed Class by intentionally making the foregoing false and misleading statements as alleged above, because had Defendant provided accurate information, Plaintiff and the proposed Class members would not have entered into a gym membership with Xperience.

90. Defendant's practice of creating, approving and distributing advertising for Xperience's gym memberships that contained false and misleading representations regarding the monthly price of such memberships for the purpose of selling them to Plaintiff and the proposed Class, as alleged in detail *supra*, is both an unfair act and deceptive practice prohibited by the foregoing statutes.

91. Defendant intended to be deceptive and unfair to Plaintiff and the proposed Class by unlawfully representing that the price of a "Fit Membership" is $21.99, when in fact, Xperience actually charged significantly more than those amounts per month.

92. Defendant intended that Plaintiff and the proposed Class members rely on Defendant's misrepresentations. A falsely low price is a strong incentive to choose that particular service if the customer does not know that the price is false.

93. Plaintiff and the proposed Class members justifiably relied on the misrepresentations to their detriment by entering into gym memberships with Xperience.

94. Had Plaintiff and the proposed Class members known the truth, they would not have entered into gym membership agreements with Xperience.

95. The above-described deceptive and unfair acts and practices were used or employed in the conduct of trade or commerce, namely, the sale of gym memberships to Plaintiff and the proposed Class members.

96. The above-described deceptive and unfair acts offend public policy and cause substantial injury to consumers.

97. As a direct and proximate result of the foregoing, the Plaintiff and Class members have been damaged in an amount to be determined at trial.

## COUNT IV
## Unjust Enrichment

98. Plaintiff incorporates the above numbered paragraphs by reference.

99. Plaintiff brings Count IV individually, and on behalf of all similarly situated residents in and under the unjust enrichment laws.

100. As a direct and proximate result of Defendant's misconduct as set forth above, Defendant has been unjustly enriched.

101. Specifically, by its misconduct described herein, Defendant has accepted a benefit (*i.e.,* monies paid by Plaintiff and the proposed Class members for the purchase of the gym membership and subsequent monthly charges) to the detriment of Plaintiff and the proposed Class.

102. Defendant's retention of the full amount of monies paid for the account violates the fundamental principles of justice, equity, and good conscience.

103. Defendant accepted the benefit based on its misrepresentations and omissions regarding the gym membership to the Plaintiff and the proposed Class members, and it would be inequitable for the Defendant to retain the benefit of those monies, as it was paid the money under false pretenses.

104. Defendant has obtained money to which it is not entitled, and interest on that money, and under these circumstances equity and good conscience require that the Defendant return the money with interest to the Plaintiff and the proposed Class.

105. As a direct and proximate result of the foregoing, Plaintiff and the proposed Class have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory damages;

    b.    Actual damages;

    c.    Injunctive relief, including but not limited to a finding that the Training Agreement is void and unenforceable;

    d.    Restitution and disgorgement of the monies received by Defendants;

    e.    Attorney's fees, litigation expenses and costs of suit;

    f.    Such other or further relief as the Court deems proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

Dated: January 22, 2019

**ADEMI & O'REILLY, LLP**

s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

*Counsel for Plaintiff and the Proposed Class*